```
                    UNITED DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

**KATHLEEN PUCIATO**,

    Plaintiff,

vs.                                    Case No.  8:05-cv-860-T-EAJ

**JO ANNE B. BARNHART,**
**COMMISSIONER OF**
**SOCIAL SECURITY**,

    Defendant.
_____/

### FINAL ORDER

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3) (1994), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying claims for disability insurance and supplemental security income ("SSI") under the Act.[1]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge (the "ALJ"), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g);

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge.  (Dkt. 10)

Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155,1158 (11th Cir. 2004).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233,1239 (11th Cir. 1983) (citations omitted).  If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner.  Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard.  See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993) (citation omitted).  If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then a remand to the Commissioner for clarification is required.  Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

**I.**

In her application, Plaintiff alleges an onset of disability beginning December 3, 1992.  (T 57)  She was thirty-two years of age at the time of the ALJ's decision.  (T 693; T 16)  Plaintiff has a seventh (7th) grade education and past relevant work experience as a bartender, housekeeper, construction cleaner and

laborer.  (T 713; T 694) Plaintiff alleges disability due to pelvic pain and depression. (T 43)

A hearing was held before the ALJ on April 17, 2003.  (T 15) Though Plaintiff alleges disability due to pain and depression, the ALJ found that Plaintiff's "drug abuse, abdominal adhesions, and depression" are severe within the meaning of the Regulations, but not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No.4.  (T 23)

Plaintiff asserts four errors by the ALJ: (1) ALJ improperly gave more weight to the consultative examiner than to the treating psychiatrist; (2) ALJ did not properly evaluate Plaintiff's pain under the pain standard; (3) ALJ did not pose complete hypotheticals to the vocational expert for consideration; and (4) ALJ failed to evaluate the effect of the combined impairments on Plaintiff's ability to work.  (Dkt. 11 at 6-10)

The medical evidence has been summarized in the decision of the ALJ and will not be repeated here except as necessary to address the issues presented.

## II.

**A.**  Plaintiff argues that the ALJ erred by improperly giving more weight to the consultative examiner, Steven Kanakis, Ph.D. ("Dr. Kanakis") than to the treating psychiatrist, Robert Dies, Ph.D. ("Dr. Dies").  (Dkt. 11 at 7)

An ALJ is required to state "with particularity" the weight

given to different medical opinions and the reasons for such weight.  Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987). Failure to do so requires the case to be remanded so the ALJ can re-evaluate the medical opinions accordingly.  See id. at 281.

The ALJ assigned the "most significant weight" to Dr. Kanakis and "very little weight" to Dr. Dies.  (T 25; T 24)  The ALJ's reason for assigning this weight was that Dr. Kanakis "noted significant ongoing drug abuse" and Dr. Dies did not.[2]  (T 24)

Dr. Dies diagnosed Plaintiff with Major Depressive Disorder, but stated that a diagnosis of Borderline Personality Disorder may be appropriate due to Plaintiff's "history of unstable employment, frequent conflicts with others (including law enforcement), self-destructive behavior, outbursts of anger, and struggles with self-identity."  (T 353)

Dr. Dies completed a Psychiatric Review Technique form indicating Plaintiff had marked limitations in the B criteria of the Listings.  (T 362)  Dr. Dies also completed a Mental Residual Functional Capacity Assessment indicating Plaintiff had marked limitations in the areas of concentration and social interaction.

---

[2] In a review of the record, there is no evidence regarding "on-going drug abuse" other than Plaintiff's own report of use of marijuana and Vicodin to Dr. Kanakis. (T 167) It is unlikely that Plaintiff's failure to report this use to Dr. Dies, alone, would render his opinion worthy of little weight.  There must be "good cause" shown for an ALJ to not give a treating physician's opinion substantial or considerable weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004)(citing Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)).

(T 364-365)

Dr. Kanakis diagnosed Plaintiff with Bipolar Disorder and Antisocial Personality Disorder, indicated Plaintiff's prognosis is poor, and stated that "she is at risk of suffering decompensation in a work-like setting." (T 167-168) Dr. Kanakis also stated Plaintiff appeared to be in need of psychiatric medication and substance abuse treatment, but that her Antisocial Personality Disorder "may confound efforts at treatment." (T 168) Dr. Kanakis also indicated Plaintiff's concentration was poor and her insight and judgment were fair to poor. (T 167-168)

The ALJ, in deciding to give Dr. Kanakis' opinion the "most significant weight", did not discuss what weight was being afforded to the whole opinion. Upon remand, the ALJ will need to state what weight he attributes to Dr. Kanakis' opinion regarding Plaintiff's poor prognosis, risk of decompensation in a work environment, and poor concentration, judgment and insight. This reasoning will assist in assigning the proper weight among the various medical opinions and the determination of disability.

**B.** Plaintiff next urges that the ALJ erred by not properly evaluating her pain under the pain standard. (Dkt. 11 at 8).

If a case is remanded on certain grounds, it may not be necessary to resolve the remaining issues. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986). Because errors were committed as to the first issue, the ALJ's findings on remand may

5

change. Hence, review of this issue is unnecessary.

**C.** Plaintiff's remaining two arguments assert that the ALJ erred by not posing complete hypotheticals to the vocational expert and by failing to evaluate the effect of the combined impairments on Plaintiff's ability to work. (Dkt. 11 at 10) However, these arguments are conclusory and do not identify the deficiencies in the hypothetical questions or the impairments which the ALJ allegedly failed to evaluate in combination. As a result, this court will not consider these final contentions. See Continental Technical Services v. Rockwell International Corp., 927 F. 2d 1198, 1199 (11th Cir. 1991) ("an argument not made is waived"); Rowe v. Schreiber, 139 F. 3d 1381, 1382 n.1 (11th Cir. 1998) ("[b]ecause of the absence of argument, the issues...have been abandoned and will not be considered").

Accordingly and upon consideration it is **ORDERED** and **ADJUDGED** that:

(1) The decision of the Commissioner be **REVERSED** and the case be **REMANDED** for further proceedings and consideration consistent with the foregoing; and

(2) The Clerk of Court enter final judgment pursuant to 42 U.S.C. § 405(g) as this is a "sentence four remand." Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993); Newsome v. Shalala, 8 F.3d 775, 779-80 (11th Cir. 1993).

**DONE AND ORDERED** in Tampa, Florida this 13th day of June 2006.

_____
ELIZABETH A JENKINS
United States Magistrate Judge